UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIBERINO MENA-HIDLAGO,

    Petitioner,

v.                                                    Case No.: 8:08-cv-1231-T-24-TBM
                                                            8:05-cr-539-T-24-TBM

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause comes before the Court on Petitioner Tiberino Mena-Hidlago's amended motion under 28 U.S.C.§ 22555 to vacate, set aside, or correct his sentence. (CV Doc. No. 7, CR Doc. No. 119). The Government has filed a brief in opposition (CV Doc. No. 12), to which Petitioner has filed a reply brief (CV Doc. No. 17).

## **I. Background**

Petitioner was charged with and pled guilty to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One) and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two). (CR Doc. No. 1, 40). Petitioner was sentenced on June 29, 2006 to 204 months imprisonment, and he filed a notice of appeal from the conviction, judgment, and sentence on July 13, 2006. (CR Doc. No. 78). The Eleventh Circuit affirmed the district court and entered judgment on March 22, 2007. (CR Doc. No. 104). Thereafter, on June 20, 2008, Petitioner signed his original § 2255 motion and placed it in the prison mail. It was filed with the Court on June 26, 2008. (CR Doc. No. 117, CV Doc. No. 1). He then mailed the instant amended § 2255 motion to the Clerk for

filing on July 21, 2008. (CR Doc. No. 119, CV Doc. No. 7). Because the original motion was placed in the prison mail on June 20, 2008, the motion is timely.

## II. Motion to Vacate Sentence

In this motion, Petitioner asserts five grounds for relief, all of which are based on alleged ineffective assistance of counsel. In ground one, Petitioner claims his counsel's performance was deficient due to her failure to contest jurisdiction. In ground two, Petitioner claims counsel was ineffective, which resulted in an involuntary plea. In ground three, Petitioner claims his counsel's performance was deficient, causing him to receive a sentence that was greater than authorized. In ground four, Petitioner claims cumulative errors. In ground five, Petitioner claims ineffective assistance of appellate counsel. Having reviewed both the criminal and civil case files including Petitioner's motion, the Government's response and Petitioner's reply, as well as the transcripts of the plea and sentencing hearings, the Court finds Petitioner's arguments lack merit and this § 2255 motion must be denied.

### A. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id. The defendant must establish both prongs, and if he makes an insufficient showing as to one, the Court need not address the other prong in order to find that counsel was not ineffective. Id. at 697. In particular, a Court does not need to determine whether counsel's performance was deficient before examining prejudice suffered as a result of the alleged deficiencies.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential because it is tempting for a defendant to second-guess counsel's assistance after a conviction and adverse sentence. The reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Simply showing that counsel erred or his performance was deficient is not sufficient Id. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. Id. at 692. Therefore, under the second prong, a movant must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

**B. Ground One: Failure to Contest Jurisdiction**

In ground one, Petitioner claims his counsel's performance was deficient due to her failure to contest jurisdiction. Specifically, Petitioner argues that the Government did not establish that the United States properly obtained custody and jurisdiction over him.

The Government responds that this argument lacks merit, because Petitioner pled guilty to the charges against him. Specifically, the Government points out that at the plea hearing the Court and the Government explained to Petitioner that he was charged with acts that occurred on a boat that was subject to the jurisdiction of the United States, and Petitioner agreed to such facts. (CR Doc. No. 96, p. 9, 13, 24-25). Therefore, the Government contends that Petitioner acknowledged and agreed that the Court had jurisdiction.

3

Additionally, the Government points out that Petitioner has waived this argument by entering into a voluntary, unconditional guilty plea. See U.S. v. Aguilar, 196 Fed. Appx. 837, 838-39 (11th Cir. 2006). This precise issue was before the court in Aguilar, and the court stated:

> [A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings. Under the Maritime Drug Law Enforcement Act, [i]t is unlawful for any person . . . on board a vessel subject to the jurisdiction of the United States knowingly to possess with the intent to distribute a controlled substance. Because the indictment charged [the petitioner] with a violation of a law of the United States, the district court [had] jurisdiction over the case and empower[ed] it to rule on the sufficiency of the indictment
>
> [The petitioner's] argument that the [vessel] was not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court. [The petitioner] instead challenges the finding of the district court that the Coast Guard complied with the Maritime Drug Law Enforcement Act to establish that the [vessel] was a vessel subject to the jurisdiction of the United States. Because this argument does not challenge the subject matter of the district court, [the petitioner] waived this argument when he pleaded guilty unconditionally.

Id. (quotation marks and citations omitted).

The Court finds that counsel's failure to contest jurisdiction did not equate to deficient performance. Petitioner chose to plead guilty and by doing so, he agreed that this Court had subject matter jurisdiction. As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under ground one as he has not shown prejudice.

**C. Ground Two: Involuntary Plea**

In ground two, Petitioner claims his counsel was ineffective, which resulted in an involuntary plea. Specifically, Petitioner states: (1) he was not aware of the essential elements of the offenses; (2) he never went before the district court judge to make his plea; (3) he has a third grade education, speaks no English, and is unfamiliar with courtroom procedure; (4) he was deceived into signing consent; (5) he was promised that one count would be dropped; (6) he was promised that he would receive a ten year sentence; (7) his counsel failed to adequately meet

4

with him; (8) he was required to plead guilty before being advised of his rights; (9) there was no factual basis for his plea; and (10) he did not understand the charges against him.

The transcript of the guilty plea hearing before the Magistrate Judge belies Petitioner's arguments (CR Doc. No. 96): The Magistrate Judge made Petitioner aware of the essential elements of the offenses he was pleading guilty to. (p. 13-14). The Magistrate Judge informed Petitioner of his option of pleading before a district judge rather than a magistrate judge. (p. 8). The Magistrate Judge continually questioned Petitioner to make sure that he understood what his guilty plea meant and the consequences of his pleading guilty. The magistrate Judge repeatedly told Petitioner that at any time he could stop the hearing if he had questions or wished to speak with his attorney. (p. 3, 4, 6, 15-16, 26-27). With regards to Petitioner's contention that he was deceived into signing consent, it is unclear to this Court what he is referring to; however, the Court construes this argument as he was deceived into signing the consent to plead before a magistrate judge. However, the Magistrate Judge specifically gave Petitioner the option to plead before the District Judge and asked if he understood his choice of consenting to the Magistrate Judge taking his plea. (p. 8). Petitioner clearly pled to both counts, undermining his argument that he was promised that one count would be dropped. As to Petitioner's claim that he was promised a ten year sentence, the Magistrate Judge repeatedly explained that by pleading guilty, he faced a minimum mandatory ten year sentence and that the maximum sentence was life. (p. 9-10, 17-20). In addition, when asked if anyone had promised him anything, Petitioner stated no. (p. 15). Despite Petitioner's current contention that his counsel failed to adequately meet with him, he told the Magistrate Judge that he did not have any complaints about his lawyer. (p. 16). The transcript of the plea hearing reflects that Petitioner was advised of his rights <u>before</u> he pled guilty. (p. 12, 26). Finally, there was a factual basis for Petitioner's plea, and he agreed that the factual basis was an accurate statement of the criminal activity. (p. 23-27).

Thus, as explained above, the Court finds that Petitioner's argument that his counsel's deficient performance resulted in an involuntary plea is without merit. The transcript of the

guilty plea hearing reveals that his plea was made knowingly and voluntarily. As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under ground two.

### D. Ground Three: Length of Sentence

In ground three, Petitioner claims his counsel's performance was deficient, causing him to receive a sentence that was greater than authorized. Specifically, he argues that his co-defendants made more money from the alleged crimes, but they received shorter sentences, their sentences were below the mandatory minimum, and they had one count against them dropped.

These arguments are without merit. In Petitioner's appeal of his sentence to the Eleventh Circuit, he argued that he should have been given a minor role reduction and that his sentence was unreasonable in comparison to his co-defendants. The Eleventh Circuit rejected his arguments. (CR Doc. No. 104). The appellate court found that a minor role reduction was not warranted, because Petitioner did not point to any evidence in the record that established that his responsibilities aboard the vessel were less vital to the enterprise than those of the other crew members. Additionally, the appellate court rejected Petitioner's argument that his sentence was unreasonable, because he admitted that he was the captain of the go-fast boat, which resulted in a higher base offense level than his co-defendants, and, unlike his co-defendants, he did not receive the benefit of a U.S.S.G. § 5K1.1 motion to reduce his sentence.

Petitioner offers no new evidence that his counsel should have brought forth regarding his role or his ultimate sentence. As such, this argument is without merit, and the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under ground three.

### E. Ground Four: Cumulative Errors

In ground four, Petitioner claims that the cumulative effect of his counsel's errors caused him to be denied effective assistance. However, as the Court has found no error by counsel as to

the prior grounds, there can be no cumulative error.  As such, the Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under ground four.

### F.  Ground Five: Appellate Counsel

In ground five, Petitioner claims ineffective assistance of appellate counsel.  Specifically, Petitioner argues that appellate counsel failed to submit an appeal brief relevant to his specific facts and circumstances, and instead, counsel copied another defendant's brief and merely changed the defendant's name.  This argument has no merit.

A review of the appellate brief (CV Doc. No. 12-2) shows that the brief was tailored to Petitioner's specific facts and circumstances.  While counsel may have used another defendant's brief as a tool when preparing Petitioner's brief due to the overlapping facts and circumstances, counsel still made appropriate arguments tailored to Petitioner's appeal.

In order to find appellate counsel's performance deficient, Petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  In doing so, Petitioner must show that counsel's representation fell below an objective standard of reasonableness.  Petitioner has not made the requisite showing, and as a result, the Court finds that Petitioner has not met his burden of showing ineffective assistance of appellate counsel under ground six.

## III.  Conclusion

Having considered each of the grounds raised in Petitioner's amended § 2255 motion, this Court finds that Petitioner, Tiberino Mena-Hidlago, has not shown that his trial or appellate counsels' performance was deficient or that he was prejudiced by their performance.  Accordingly, it is ORDERED AND ADJUDGED that Petitioner's amended § 2255 motion (CV Doc. No. 7, CR Doc. No. 119) is **DENIED**.  The Clerk is directed to enter judgment against Petitioner and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of February, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record