UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIBERINO MENA-HIDLAGO,

    Petitioner,

v.                                                Case No.: 8:08-cv-1231-T-24-TBM
                                                                         8:05-cr-539-T-24-TBM

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

This cause comes before the Court on Petitioner Tiberino Mena-Hidlago's Motion for Reconsideration in the Nature of Federal Rules of Civil Procedure 60(b)(4), 60(d)(1), 52(a), and 54(b).[1] (CV Doc. No. 23).

## **I. Background**

Petitioner was charged with and pled guilty to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One) and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two). (CR Doc. No. 1, 40). Petitioner was sentenced on June 29, 2006 to 204 months imprisonment, and he filed a notice of appeal from the conviction, judgment, and sentence on July 13, 2006. (CR Doc. No. 78). The Eleventh Circuit affirmed the district court and entered judgment on March 22, 2007. (CR Doc. No. 104). Thereafter, on June 20, 2008, Petitioner signed his original § 2255

---

[1] Rule 60(b)(4) and 60(d)(1) allow a court to relieve a party from final judgment. Rule 52(a) applies to actions tried without a jury, which is not applicable in this case, as Petitioner pled guilty instead of going to trial. Rule 54(b) allows the Court to enter separate judgments as ro separate claims and/or parties.

motion and placed it in the prison mail. It was filed with the Court on June 26, 2008. (CR Doc. No. 117, CV Doc. No. 1). On July 21, 2008, he submitted an amended § 2255 motion to the Clerk for filing. (CR Doc. No. 119, CV Doc. No. 7). This Court denied the amended § 2255 motion on February 11, 2009. (CR Doc. No. 121, CV Doc. No. 18). Thereafter, he submitted the instant motion for filing on April 7, 2009.

## II. Motion for Reconsideration

In this motion, Petitioner asks the Court to reconsider its prior order denying his amended § 2255 motion, and he also argues that this Court failed to address some of his claims in his amended § 2255 motion.[2] As explained below, the Court's decision to deny Petitioner's amended § 2255 motion remains.

### A. Ground I

With respect to Ground I, Petitioner argues that this Court failed to address all of his claims supporting this ground. Specifically, he contends that this Court failed to adequately address his arguments regarding lack of jurisdiction and venue. These arguments have no merit.

Since Petitioner pled guilty to *federal* offenses, this Court has subject matter jurisdiction over the case. With regards to personal jurisdiction and venue, Petitioner pled guilty, and therefore, he agreed to the facts supporting personal jurisdiction and venue. Furthermore, "[a] federal district court has personal jurisdiction . . . [over] any defendant brought before it on a federal indictment charging a violation of federal law." U.S. v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003)(citations omitted). Additionally, by pleading guilty, he is deemed to have waived any challenge to venue. See U.S. v. Carpenter, 24 Fed. Appx. 899, 906 (10th Cir. 2001)(citations omitted); U.S. v. Lopez, 222 Fed. Appx 404, 405 (5th Cir. 2007)(citation

---

[2]Petitioner also points out that the Court did not hold an evidentiary hearing. To the extent that he argues that such was an error, the Court rejects the argument. See Aron v. U.S., 291 F.3d 708, 714-15 (11th Cir. 2002).

omitted); U.S. v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001).  Accordingly, the Court's rejection of Ground I as a basis for relief remains.

### B.  Ground II

With respect to Ground II, Petitioner either re-states arguments already fully addressed in the prior order or raises new arguments that were not raised in his amended § 2255 motion.  As such, the Court's rejection of Ground II as a basis for relief remains.

### C.  Ground III

With respect to Ground III, Petitioner either re-states arguments already fully addressed in the prior order or raises new arguments that were not raised in his amended § 2255 motion.  Furthermore, to the extent that he argues that his Sixth Amendment right to confront witnesses was violated, the Court reminds Petitioner that he waived this right by choosing to plead guilty.  As such, the Court's rejection of Ground III as a basis for relief remains.

### D.  Ground IV

In Ground IV, Petitioner claims that the cumulative effect of his counsel's errors caused him to be denied effective assistance.  This Court stated in its prior Order that since it found no error by counsel as to the prior grounds, there can be no cumulative error.  Petitioner argues that the Court did not specifically address the fact that the docket sheet shows no work by counsel on his behalf.  This argument has no basis.

Work done on a case is not reflected beyond the filing of certain documents, such as motions.  To the extent that Petitioner is arguing that his counsel should have filed motions regarding lack of jurisdiction, such motions would have been denied, and as such, the failure to file such motions did not prejudice Petitioner.  Therefore, the Court's rejection of Ground IV as a basis for relief remains.

### E.  Ground V

In Ground V, Petitioner claims ineffective assistance of appellate counsel. Specifically, Petitioner argues that appellate counsel submitted an appeal brief that was deficient due to the

failure to address certain issues. In the prior Order, this Court found that Petitioner failed to show that counsel's representation fell below an objective standard of reasonableness.

In the instant motion, Petitioner contends that this Court did not address the specific issues that appellate counsel failed to bring up in the appellate brief, namely that: (1) the Government knew of the drug transport organizer; (2) Petitioner's enhancements were not found by a jury or admitted by Petitioner; (3) Petitioner's sentence was unreasonable because it was based on facts that were not proven beyond a reasonable doubt; (4) the Court lacked jurisdiction; and (5) the plea proceedings were invalid.[3] With respect to counsel's failure to make jurisdictional arguments, this Court has already found that such arguments would fail, and as such, the failure to raise them did not prejudice Petitioner. With respect to the other four alleged deficiencies in the appellate brief, Petitioner did not explain why he believes counsel was ineffective for failing to raise the issues. As to "Appellate counsel failed to address Government's knowledge of the drug transport organizer," the Court doesn't understand what Petitioner is claiming should have been raised. As to Appellate counsel "failed to argue that Mena's enhancements were not found by a jury nor admitted," the only guideline enhancement imposed by the Court was 2 levels for being the captain of the vessel, a fact which Petitioner admitted to. As to Appellate counsel "failed to argue the unreasonableness of basing any significant increase in a defendant's sentence on facts that have not been proven beyond a reasonable doubt," Petitioner pled guilty and stated he had no dispute that the boat was carrying in excess of five kilograms of cocaine. The Court imposed a guideline sentence based on the amount of cocaine Petitioner pled guilty to. Finally Petitioner claims his Appellate counsel "failed to raise Mena's invalid plea," but he does not say what was invalid about his plea or why

---

[3] Additionally, in the instant motion he adds a new argument–that appellate counsel failed to review the district court record. Since this was not raised in his amended § 2255 motion, the Court will not address it now.

his counsel was ineffective for failing to raise it. Therefore, the Court's rejection of Ground V as a basis for relief remains.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration (CV Doc. No. 23) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of April, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record